IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SIGMUND NASZKE,<br><br>    Plaintiff,<br><br>    v.<br><br>OFFICER HOLY #2525, OFFICER SHAWN MARON, OFFICER LETRICH #21771, OFFICER HEALEY #20855, OFFICER FANNING #20641, OFFICER YOUNG #20734, and the CITY OF CHICAGO,<br><br>    Defendants. | No. 08-cv-3404<br><br>Judge: ST. EVE |

### FIRST AMENDED COMPLAINT AT LAW

NOW COMES the PLAINTIFF, by and through Horwitz, Richardson, & Baker LLC., and pursuant to this First Amended Complaint at Law, states the following against the above named Defendants, to wit OFFICER HOLY #2525, OFFICER SHAWN MARON, OFFICER LETRICH #21771, OFFICER HEALEY #20855, OFFICER FANNING #20641, OFFICER YOUNG #20734 (hereinafter, the "DEFENDANT OFFICERS"), and the CITY OF CHICAGO.

### JURISDICTION

1. The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983; the Judicial Code, 28 U.S.C. §1331 and §1343(a); the Constitution of the United States; and this Court's supplementary jurisdiction powers.

### PARTIES

2. PLAINTIFF is a resident of the State of Illinois and of the United States.

3. The DEFENDANT OFFICERS were at all times relevant hereto employed by and acting on behalf of the CITY OF CHICAGO.

4. The CITY OF CHICAGO is a duly incorporated municipal corporation and is the employer and principal of the DEFENDANT OFFICERS as well as the other officers and/or employees referred to in this Complaint . At all times material to this complaint, the DEFENDANT OFFICERS were acting under color of state law, ordinance and/or regulation, statutes, custom and usages of the CITY OF CHICAGO.

## FACTS

5. On or about July 18, 2006, some or all of the DEFENDANT OFFICERS were engaged in an unreasonable seizure of the PLAINTIFF. This conduct violated the Fourth Amendment to the United States Constitution.

6. On or about July 18, 2006 some or all of the DEFENDANT OFFICERS, *inter alia*, wrongfully searched PLAINTIFF'S residence located at or about 509 N. Ada St., Chicago, IL 60622 and stole his property.

7. The DEFENDANT OFFICERS used more force than was necessary under the circumstances against PLAINTIFF by, *inter alia*, striking PLAINTIFF in the body even though PLAINTIFF never threatened the DEFENDANT OFFICERS, never posed a threat to the DEFENDANT OFFICERS, and the DEFENDANT OFFICERS did not observe PLAINTIFF commit any act contrary to the law.

8. On or about July 18, 2006, PLAINTIFF did not obstruct justice, resist arrest, and/or batter and/or assault any of the DEFENDANT OFFICERS.

9. The show of force initiated by and/or the failure to intervene in the use of said force by the DEFENDANT OFFICERS caused an unreasonable seizure to the PLAINTIFF.

10. The DEFENDANT OFFICERS charged and/or participated in the charging of PLAINTIFF with criminal activity, and arrested, participated in the arrest and/or failed to prevent

the arrest of the PLAINTIFF notwithstanding the fact that the DEFENDANT OFFICERS failed to observe and/or learn that PLAINTIFF had committed criminal activity of any sort. The DEFENDANT OFFICERS did not have probable cause to believe that criminal activity took place relative to the PLAINTIFF.

11. On July 18, 2006, PLAINTIFF had not committed an act contrary to the laws of the State of Illinois.

12. As a direct and proximate result of one or more of the aforesaid acts or omissions of the DEFENDANT OFFICERS, PLAINTIFF was caused to suffer damages.

13. On or about July 18, 2006, the DEFENDANT OFFICERS were on duty at all times relevant to this complaint and were duly appointed police officers for the CITY OF CHICAGO. The DEFENDANT OFFICERS engaged in the conduct complained of, on said date, in the course and scope of employment and while on duty. This action is being brought with regard to the individual capacity of the DEFENDANT OFFICERS.

14. Upon information and belief, OFFICER HOLY #2525, on July 18, 2006, came into physical contact with PLAINTIFF.

15. Upon information and belief, OFFICER SHAWN MARON, on July 18, 2006, came into physical contact with PLAINTIFF.

16. Upon information and belief, OFFICER LETRICH #21771, on July 18, 2006, came into physical contact with PLAINTIFF.

17. Upon information and belief, OFFICER HEALEY #20855, on July 18, 2006, came into physical contact with PLAINTIFF.

18. Upon information and belief, OFFICER FANNING #20641, on July 18, 2006, came into physical contact with PLAINTIFF.

3

19. Upon information and belief, OFFICER YOUNG #20734, on July 18, 2006, came into physical contact with PLAINTIFF.

**CONSPIRACY**

20. Some or all of the DEFENDANT OFFICERS conspired to cause damage to PLAINTIFF in the following manner:

   a. agreeing to falsely arrest and/or falsely institute criminal charges/proceedings against the PLAINTIFF;

   b. using excessive force and/or failing to intervene in the use of excessive force against the PLAINTIFF;

   c. agreeing not to report each other after witnessing and/or using excessive force relative to the PLAINTIFF;

   d. agreeing not to report each other after falsely arresting and/or charging PLAINTIFF;

   e. generating false documentation to cover-up for their own and each other's misconduct; and

   f. wrongfully seizing PLAINTIFF'S property for their own use.

21. In connection with the above conspiracy, the DEFENDANT OFFICERS specifically engaged in communication on or about July 18, 2006, whereby the DEFENDANT OFFICERS agreed to facilitate, engage in and support the activity which occurred in connection with the allegations immediately above. As a result of this conspiracy, the DEFENDANT OFFICERS by and through their conduct, proximately caused PLAINTIFF to, *inter alia*, suffer injury, be charged with criminal allegations, incur financial loss, including attorneys' fees, and suffer emotionally.

**EQUAL PROTECTION**

22. The actions of the DEFENDANT OFFICERS, in engaging in the above referenced cover-up, which led to the generation of false documentation and criminal charges to be lodged against PLAINTIFF, demonstrate that the DEFENDANT OFFICERS failed in their duty to enforce the laws equally and fairly towards the PLAINTIFF, therefore violating the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

23. With regard to an Equal Protection Claim, PLAINTIFF was a "Class of One." In that regard, PLAINTIFF was treated with ill will and/or discriminated against with no rational basis. PLAINTIFF was intentionally treated differently as a result of having a potential claim and witnessing police misconduct attributable to the DEFENDANT OFFICERS. The DEFENDANT OFFICERS acted with discriminatory intent by treating PLAINTIFF differently and trying to cause further injury to PLAINTIFF by generating false evidence against PLAINTIFF. Further, PLAINTIFF was similarly situated to other individuals involved in incidents with police officers that did not have false evidence and/or documentation created against them.

**SPECIFIC ALLEGATIONS REGARDING EQUAL PROTECTION CLASS OF ONE**
*(ALTERNATIVE PLEADING)*

24. The DEFENDANT OFFICERS, each of them, have arrested over 20 individuals prior to the arrest of the PLAINTIFF.

25. On at least 20 occasions prior to July 18, 2006 the DEFENDANT OFFICERS, each of them, have not falsified police reports.

26. On at least 20 occasions prior to July 18, 2006 the DEFENDANT OFFICERS, each of them, have not partaken in, or contributed to, the falsification of police reports.

27. The DEFENDANT OFFICERS, each of them, have been trained, prior to July 18, 2006, that upon the signing of a criminal complaint, there is a strong likelihood that a criminal action

5

will commence against the party against whom the allegations are submitted in the criminal complaint.

28. OFFICER HOLY #2525, on at least 20 occasions prior to and/or after July 18, 2006, has arrested individuals and has not falsified information contained within a police report with regard to the arrest.

29. OFFICER HOLY #2525, on at least 20 occasions prior to and/or after July 18, 2006, has signed criminal complaints and has not falsified information contained within said charging instruments.

30. On July 18, 2006 there was no reasonable reason for OFFICER HOLY #2525 to falsify a police report and/or criminal complaint with respect to PLAINTIFF.

31. OFFICER SHAWN MARON, on at least 20 occasions prior to and/or after July 18, 2006, has arrested individuals and has not falsified information contained within a police report with regard to the arrest.

32. OFFICER SHAWN MARON, on at least 20 occasions prior to and/or after July 18, 2006, has signed criminal complaints and has not falsified information contained within said charging instruments.

33. On July 18, 2006 there was no reasonable reason for OFFICER SHAWN MARON to falsify a police report and/or criminal complaint with respect to PLAINTIFF.

34. OFFICER LETRICH #21771, on at least 20 occasions prior to and/or after July 18, 2006, have arrested individuals and have not falsified information contained within a police report with regard to the arrest.

35. OFFICER LETRICH #21771, on at least 20 occasions prior to and/or after July 18, 2006, have signed criminal complaints and have not falsified information contained within said charging instruments.

36. On July 18, 2006 there was no reasonable reason for OFFICER LETTICH #21771 to falsify a police report and/or criminal complaint with respect to PLAINTIFF.

37. OFFICER HEALEY #20855, on at least 20 occasions prior to and/or after July 18, 2006, has arrested individuals and has not falsified information contained within a police report with regard to the arrest.

38. OFFICER HEALEY #20855, on at least 20 occasions prior to and/or after July 18, 2006, has signed criminal complaints and has not falsified information contained within said charging instruments.

39. On July 18, 2006 there was no reasonable reason for OFFICER HEALEY #20855 to falsify a police report and/or criminal complaint with respect to PLAINTIFF.

40. OFFICER FANNING #20641, on at least 20 occasions prior to and/or after July 18, 2006, have arrested individuals and have not falsified information contained within a police report with regard to the arrest.

41. OFFICER FANNING #20641, on at least 20 occasions prior to and/or after July 18, 2006, have signed criminal complaints and have not falsified information contained within said charging instruments.

42. On July 18, 2006 there was no reasonable reason for OFFICER FANNING #20641 to falsify a police report and/or criminal complaint with respect to PLAINTIFF.

7

43.     OFFICER YOUNG #20734, on at least 20 occasions prior to and/or after July 18, 2006, has arrested individuals and has not falsified information contained within a police report with regard to the arrest.

44.     OFFICER YOUNG #20734, on at least 20 occasions prior to and/or after July 18, 2006, has signed criminal complaints and has not falsified information contained within said charging instruments.

45.     On July 18, 2006 there was no reasonable reason for OFFICER YOUNG #20734 to falsify a police report and/or criminal complaint with respect to PLAINTIFF.

## COUNT I
## §1983 Excessive Force

46.     PLAINTIFF re-alleges paragraphs 1 – 45 as though fully set forth herein.

47.     The actions, and/or the failure to intervene in the actions, of the DEFENDANT OFFICERS amounted to an excessive use of force onto PLAINTIFF.  This conduct violates the Fourth Amendment of the United States Constitution.

48.     The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the constitutional violations set forth above.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS.  PLAINTIFF also demands punitive damages, costs and attorneys' fees against the DEFENDANT OFFICERS.  PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

## COUNT II
## §1983 False Arrest

49.     PLAINTIFF re-alleges paragraphs 1 – 45 as though fully set forth herein.

50.     The actions of the DEFENDANT OFFICERS caused the arrest of the PLAINTIFF without probable cause to believe that PLAINTIFF committed criminal activity. Therefore, the conduct of the DEFENDANT OFFICERS was in violation of the Fourth Amendment to the United States Constitution.

51.     The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the Constitutional violations set forth above.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS. PLAINTIFF also demands punitive damages, costs and attorneys' fees against the DEFENDANT OFFICERS. PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

### COUNT III
### § 1983 Deliberate Indifference to Medical Needs

52.     PLAINTIFF re-alleges paragraphs 1 – 45 as though fully set forth herein.

53.     The actions of the DEFENDANT OFFICERS were deliberately indifferent to the medical needs of the PLAINTIFF in that said DEFENDANT OFFICERS failed to provide PLAINTIFF with immediate medical attention after causing injury to PLAINTIFF.

54.     Said DEFENDANT OFFICERS, instead of transporting PLAINTIFF for immediate medical treatment, collectively and/or individually, sought to cover-up the misconduct by processing PLAINTIFF as a criminal, instead of providing immediate medical treatment.

55.     This conduct violated the Fourteenth Amendment to the United States Constitution.

56.     The aforementioned actions of said DEFENDANT OFFICERS were the direct and proximate cause of the constitutional violations set forth above.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS. PLAINTIFF also demands punitive damages, costs and attorneys' fees against the

DEFENDANT OFFICERS. PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

## COUNT IV
### § 1983 Conspiracy Claim

57. PLAINTIFF re-alleges paragraphs 1 – 45 as though fully set forth herein.

58. The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations of the United States Constitution, *inter alia* the Fourth Amendment and Fourteenth Amendment.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS. PLAINTIFF also demands punitive damages, costs and attorneys' fees against the DEFENDANT OFFICERS. PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

## COUNT V
### § 1983 Unlawful Search of Residence

59. PLAINTIFF re-alleges paragraphs 1 – 45 as though fully set forth herein.

60. The DEFENDANT OFFICERS invaded the home owned or occupied by PLAINTIFF without a search warrant, probable cause, exigent circumstances and/or any other lawful basis, and therefore violated the Fourth Amendment to the United States Constitution.

61. The DEFENDANT OFFICERS unlawfully conducted a search therein.

62. The aforementioned actions were the direct and proximate cause of the violations as set forth above.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS. PLAINTIFF also demands punitive damages, costs and attorneys' fees against the

DEFENDANT OFFICERS.  PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

## COUNT VI
### § 1983 Unlawful Seizure of Property

63.  PLAINTIFF re-alleges paragraphs 1 – 45 as though fully set forth herein.

64.  The DEFENDANT OFFICERS seized and/or destroyed the property of the PLAINTIFF property without legal justification.

65.  The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations of the United States Constitution, *inter alia* the Fourth Amendment.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS.  PLAINTIFF also demands punitive damages, costs and attorneys' fees against the DEFENDANT OFFICERS.  PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

## COUNT VII
### § 1983 Equal Protection – Class of One

66.  PLAINTIFF re-alleges paragraphs 1 – 45 as though fully set forth herein.

67.  The actions of the DEFENDANT OFFICERS violated the Equal Protection clause to the United States Constitution.

68.  The aforementioned actions of said DEFENDANT OFFICERS were the direct and proximate cause of the constitutional violations set forth above.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS.  PLAINTIFF also demands punitive damages, costs and attorneys' fees against the

11

DEFENDANT OFFICERS. PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

## COUNT VIII
### 745 ILCS 10/9-102 Claim Against the CITY OF CHICAGO

69. PLAINTIFF re-alleges paragraphs 1 – 45 as though fully set forth herein.

70. Defendant CITY OF CHICAGO is the employer of the DEFENDANT OFFICERS alleged above.

71. The DEFENDANT OFFICERS, as alleged above, committed the acts under color of law and in the scope of employment of the CITY OF CHICAGO.

WHEREFORE, should the DEFENDANT OFFICERS be found liable for any of the alleged counts in this cause, PLAINTIFF demands that, pursuant to 745 ILCS 10/9-102, the CITY OF CHICAGO pay PLAINTIFF any judgment obtained against the DEFENDANT OFFICERS as a result of this complaint.

## COUNT IX
### Supplementary Claim for *Respondeat Superior*

72. PLAINTIFF re-alleges paragraphs 1 – 45 as though fully set forth herein.

73. The aforesaid acts of the DEFENDANT OFFICERS were in the scope of employment and therefore the Defendant CITY OF CHICAGO, as principal, is liable for the actions of its agent(s) under the doctrine of *respondeat superior*.

WHEREFORE should the DEFENDANT OFFICERS be found liable for any state claims alleged herein, Plaintiff demands judgment against the CITY OF CHICAGO and such other additional relief, as this Court deems equitable and just.

## JURY DEMAND

74. Plaintiff demands trial by jury.

Respectfully submitted,


s/ Blake Horwitz_____
Attorney for the Plaintiff
Blake Horwitz


**HORWITZ, RICHARDSON & BAKER LLC**
Two First National Plaza
20 S. Clark St. Suite 500
Chicago, Illinois 60603
Ph (312) 676-2100
Fax (312) 372-7076

13