IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SIGMUND NASZKE,<br><br>    Plaintiff,<br><br>    v.<br><br>OFFICER HOLY #2525, OFFICER SHAWN MARON,  OFFICER LETRICH #21771, OFFICER HEALEY #20855, OFFICER FANNING #20641, OFFICER YOUNG #20734, and the CITY OF CHICAGO,<br><br>    Defendants. | No.  08-cv-3404<br><br>Judge: ST. EVE<br><br>Magistrate: DENLOW |

### INITIAL STATUS REPORT

NOW COME the parties, by and through their attorneys, and propose to this Court the following joint status report:

1. **NATURE OF THE CASE**

    A.  Plaintiff is represented by Horwitz, Richardson & Baker, LLC.  Blake Horwitz is the lead trial attorney and Amanda S. Yarusso is the lead attorney litigating the file.  Defendants are represented by Bhairav Radia and Thomas Aumann of Chicago Corporation Counsel, Federal Civil Rights Litigation Division and Thomas Aumann will be the lead trial attorney.

    B.  Jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983; the Judicial Code, 28 U.S.C. §1331 and §1343(a); the Constitution of the United States; and this Court's supplementary jurisdiction powers.

    C.  Nature of the claims asserted in the complaint and any counterclaims:  The Plaintiffs allege claims of § 1983 excessive force, § 1983 false arrest, § 1983 deliberate

indifference to medical needs, a § 1983 conspiracy claim, § 1983 unlawful search of residence and seizure of property claims, a § 1983 equal protection claim (class of one), a 745 ILCS 10/9-102 claim against the City of Chicago and a *respondeat superior* claim (the last one does not apply in this case and Plaintiff will withdraw the *respondeat superior* claim).

      D.    Principal legal issues: the probable cause standard for a false arrest claim, the proper use of force when engaging in arrest, the elements of a violation of the equal protection clause, the legal basis for lawful search and seizure of property, and the requisite elements for deliberate indifference to medical needs.  Principal factual issues: whether the Defendants had probable cause basis to arrest Plaintiff, to search the home, and to seize Plaintiff's property.  In addition, whether Defendants used force against Plaintiff and whether said use of force was reasonable under the circumstances, and whether the Defendants' realized Plaintiff needed medical treatment and failed to call for help.

      E.    Plaintiff seeks compensatory money damages for property damage/loss and pain and suffering, punitive damages, attorneys' fees and costs.

**2.    PENDING MOTIONS AND CASE PLAN**

      A.    There are no pending motions.  Defendants were given until August 29, 2008 to answer the Amended Complaint.

      B.    Discovery Plan:

      1.    The parties expect the use of normal discovery devices, including requests for production of documents, interrogatories, requests for admission and depositions.  At this juncture, the parties anticipate depositions will be needed as to the parties, treating

physicians, witnesses, and 30(b)(6) witnesses. The parties propose the following discovery schedule:

    2.    Rule 26(a)(1) disclosures due by September 15, 2008.

    3.    Fact discovery to be completed by January 15, 2009.

    4.    Expert discovery to be completed by April 16, 2009, reports to be disclosed 30 days prior.

    5.    All dispositive motions to be filed by June 1, 2009.

    6.    Final Pre-Trial order to be filed by 30 days following the Court's ruling on any dispositive motions. If there are no dispositive motions filed, Final Pre-Trial order to be filed 30 days following close of expert discovery.

    C.    Trial

    1.    A jury trial has been demanded.

    2.    The parties anticipate the trial will take 5 to 7 days.

    3.    The parties believe the case will be ready for trial by two weeks after the final pre-trial order is entered (approximately mid September 2009).

**3.**    **Consent to Proceed before Magistrate Judge**

The parties do not consent to proceed before a Magistrate Judge.

**4.**    **Status of Settlement Negotiations**

No settlement negotiations have taken place. The parties do not request a settlement conference at this time although the parties may request one in the future.


s/ Amanda S. Yarusso_____                s/ Bhairav Radia \_\_\_\_
Amanda S. Yarusso                             Bhairav Radia
Attorney for the Plaintiff                           Attorney for the Defendant City

| | |
|---|---|
| HORWITZ, RICHARDSON & BAKER LLC<br>20 S. Clark St. Suite 500<br>Chicago, Illinois 60603<br>Ph (312) 676-2100<br>Fax (312) 372-7076 | Corp Counsel, Federal Civil Rts Lit<br>30 N. LaSalle Street, Suite 1020<br>Chicago, Illinois 60602<br>(312) 744-6919<br>(312) 744-3989 (fax)<br><br>s/ Thomas Aumann<br>Thomas Aumann<br>Attorney for the Defendant Officers<br>Corp Counsel, Federal Civil Rts Lit<br>30 N. LaSalle Street, Suite 1020<br>Chicago, Illinois 60602<br>(312) 744-1566<br>(312) 744-3989 (fax) |