IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SIGMUND NASZKE, | ) | |
| | ) | No. 08 C 3404 |
| Plaintiff, | ) | |
| | ) | Judge St. Eve |
| v. | ) | |
| | ) | Magistrate Judge Denlow |
| OFFICER HOLY #2525, OFFICER SHAWN | ) | |
| MARON, OFFICER LETRICH #21771, | ) | Jury Trial Demanded |
| OFFICER HEALEY #20855, OFFICER | ) | |
| FANNING #20641, OFFICER YOUNG | ) | |
| #20734, and the CITY OF CHICAGO, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT CITY OF CHICAGO'S ANSWER, DEFENSES AND
JURY DEMAND TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant City of Chicago (the "City"), by Mara S. Georges, Corporation Counsel for the City of Chicago, answers plaintiff's first amended complaint as follows:

**JURISDICTION**

1.      The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983; the Judicial Code, 28 U.S.C. § 1331 and § 1343(a); the Constitution of the United States; and this Court's supplementary jurisdiction powers.

ANSWER:    The City admits the allegations in this paragraph.

**PARTIES**

2.      Plaintiff is a resident of the State of Illinois and of the United States.

ANSWER:    Upon information and belief, based on Chicago Police Department documents, the City admits the allegations in this paragraph.

3.      The Defendant Officers were at all times relevant hereto employed by and acting on behalf of the City of Chicago.

ANSWER:    The City admits that the defendant officers were, at all times relevant to the

complaint, employees of the Chicago Police Department. The City further admits, upon information and belief, based on Chicago Police Department records, that defendant officers Holy, Letrich, Healey, Fanning, and Young were, at all times relevant to the complaint, acting on behalf of the City. The City lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

4. The City of Chicago is a duly incorporated municipal corporation and is the employer and principal of the Defendant Officers as well as the other officers and/or employees referred to in this Complaint. At all times material to this complaint, the Defendant Officers were acting under color of state law, ordinance and/or regulation, statutes, custom and usages of the City of Chicago.

ANSWER: The City admits that it is a municipal corporation, duly incorporated under the laws of the State of Illinois, and that it employs the defendant officers. The City further admits, upon information and belief, based on Chicago Police Department records, that defendant officers Holy, Letrich, Healey, Fanning, and Young were, at all times relevant to the complaint, acting under color of law. Upon information and belief, based on Chicago Police Department documents, the City denies the remaining allegations in this paragraph as they pertain to defendant officer Marron because defendant officer Marron was not involved in plaintiff's arrest at any time material to this complaint. The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

## FACTS

5. On or about July 18, 2006, some or all of the Defendant Officers were engaged in an unreasonable seizure of the Plaintiff. This conduct violated the Fourth Amendment to the United States Constitution.

ANSWER: Upon information and belief, based on Chicago Police Department documents, the City admits that on or about July 18, 2006, some of the Defendant Officers took plaintiff into

custody. The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

6. On or about July 18, 2006, some or all of the Defendant Officers, *inter alia*, wrongfully searched Plaintiff's residence located at or about 509 N. Ada St., Chicago, IL 60622 and stole his property.

ANSWER: The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

7. The Defendant Officers used more force than was necessary under the circumstances against Plaintiff by *inter alia*, striking Plaintiff in the body even though Plaintiff never threatened the Defendant Officers, never posed a threat to the Defendant Officers, and the Defendant Officers did not observe Plaintiff commit any act contrary to the law.

ANSWER: Upon information and belief, based on Chicago Police Department documents, the City denies the allegations in this paragraph as they pertain to defendant officer Marron because defendant officer Marron was not involved with plaintiff's arrest on July 18, 2006. The City lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

8. On or about July 18, 2006, Plaintiff did not obstruct justice, resist arrest, and/or batter and/or assault any of the Defendant Officers.

ANSWER: Upon information and belief, based on Chicago Police Department documents, the City denies that on or about July 18, 2006, plaintiff did not resist arrest. The City lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

9. The show of force initiated by and/or the failure to intervene in the use of said force by the Defendant Officers caused an unreasonable seizure to the Plaintiff.

ANSWER: Upon information and belief, based on Chicago Police Department documents, the

City denies the allegations in this paragraph as they pertain to defendant officer Marron because defendant officer Marron was not involved with plaintiff's arrest on July 18, 2006. The City lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

10. The Defendant Officers charged and/or participated in the charging of Plaintiff with criminal activity, and arrested, participated in the arrest and/or failed to prevent the arrest of the Plaintiff notwithstanding the fact that the Defendant Officers failed to observe and/or learn that Plaintiff had committed criminal activity of any sort. The Defendant Officers did not have probable cause to believe that criminal activity took place relative to the Plaintiff.

ANSWER: Upon information and belief, based on Chicago Police Department documents, the City denies the allegations in this paragraph as they pertain to defendant officer Marron because defendant officer Marron was not involved with plaintiff's arrest on July 18, 2006. The City lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

11. On July 18, 2006, Plaintiff had not committed an act contrary to the laws of the State of Illinois.

ANSWER: The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

12. As a direct and proximate result of one or more of the aforesaid acts or omissions of the Defendant Officers, Plaintiff was caused to suffer damages.

ANSWER: Upon information and belief, based on Chicago Police Department documents, the City denies the allegations in this paragraph as they pertain to defendant officer Marron because defendant officer Marron was not involved with plaintiff's arrest on July 18, 2006. The City lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

13. On or about July 18, 2006, the Defendant Officers were on duty at all times relevant to this complaint and were duly appointed police officers for the City of Chicago. The Defendant Officers engaged in the conduct complained of, on said date, in the course and scope of employment and while on duty. This action is being brought with regard to the individual capacity of the Defendant Officers.

ANSWER: The City admits that plaintiff purports to bring this action with regard to the individual capacity of the Defendant Officers. The City further admits that on or about July 18, 2006, the defendant officers were duly appointed police officers for the City. The City admits, upon information and belief, based on Chicago Police Department records, that defendant officers Holy, Letrich, Healey, Fanning, and Young were on duty and acting in the scope of their employment at all times relevant to the complaint. The City lacks knowledge or information sufficient to form a belief about the truth of the allegation that defendant officers Holy, Letrich, Healey, Fanning, and Young engaged in all conduct that plaintiff complains about. Upon information and belief, based on Chicago Police Department documents, the City denies the remaining allegations as they pertain to defendant officer Marron.

14. Upon information and belief, Officer Holy #2525, on July 18, 2006, came into physical contact with Plaintiff.

ANSWER: Upon information and belief, based on Chicago Police Department documents, the City admits the allegations in this paragraph.

15. Upon information and belief, Officer Shawn Maron, on July 18, 2006, came into physical contact with Plaintiff.

ANSWER: Upon information and belief, based on Chicago Police Department documents, the City denies the allegations in this paragraph.

16. Upon information and belief, Officer Letrich #21771, on July 18, 2006, came into physical contact with Plaintiff.

ANSWER:   The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

17.   Upon information and belief, Officer Healey, #20855, on July 18, 2006, came into physical contact with Plaintiff.

ANSWER:   The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

18.   Upon information and belief, Officer Fanning #20641, on July 18, 2006, came into physical contact with Plaintiff.

ANSWER:   The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

19.   Upon information and belief, Officer Young #20734, on July 18, 2006, came into physical contact with Plaintiff.

ANSWER:   The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

## CONSPIRACY

20.   Some or all of the Defendant Officers conspired to cause damage to Plaintiff in the following manner:

a.   agreeing to falsely arrest and/or falsely institute criminal charges/proceedings against the Plaintiff;

b.   using excessive force and/or failing to intervene in the use of excessive force against the Plaintiff;

c.   agreeing not to report each other after witnessing and/or using excessive force relative to the Plaintiff;

d.   agreeing not to report each other after falsely arresting and/or charging Plaintiff;

e.   generating false documentation to cover up for their own and each other's misconduct; and

  f.  wrongfully seizing Plaintiff's property for their own use;

ANSWER: The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, including all of its sub-parts.

  21. In connection with the above conspiracy, the Defendant Officers specifically engaged in communication on or about July 18, 2006, whereby the Defendant Officers agreed to facilitate, engage in and support the activity which occurred in connection with the allegations immediately above. As a result of this conspiracy, the Defendant Officers by and through their conduct, proximately caused Plaintiff to, *inter alia* suffer injury, be charged with criminal allegations, incur financial loss, including attorneys' fees, and suffer emotionally.

ANSWER: The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

## EQUAL PROTECTION

  22. The actions of the Defendant Officers, in engaging in the above referenced cover-up, which led to the generation of false documentation and criminal charges to be lodged against Plaintiff, demonstrate that the Defendant Officers failed in their duty to enforce the laws equally and fairly towards the Plaintiff, therefore violating the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

ANSWER: The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

  23. With regard to an Equal Protection Claim, Plaintiff was a "Class of One." In that regard, Plaintiff was treated with ill will and/or discriminated against with no rational basis. Plaintiff was intentionally treated differently as a result of having a potential claim and witnessing police misconduct attributable to the Defendant Officers. The Defendant Officers acted with discriminatory intent by treating Plaintiff differently and trying to cause further injury to Plaintiff by generating false evidence against Plaintiff. Further, Plaintiff was similarly situated to other individuals involved in incidents with police officers that did not have false evidence and/or documentation created against them.

ANSWER: The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

## SPECIFIC ALLEGATIONS REGARDING EQUAL PROTECTION CLASS OF ONE
*(ALTERNATIVE PLEADING)*

24. The Defendant Officers, each of them, have arrested over 20 individuals prior to the arrest of the Plaintiff.

ANSWER: The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

25. On at least 20 occasions prior to July 18,2 006 the Defendant Officers, each of them, have not falsified police reports.

ANSWER: The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

26. On at least 20 occasions prior to July 18, 2006 the Defendant Officers, each of them, have not partaken in, or contributed to, the falsification of police reports.

ANSWER: The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

27. The Defendant Officers, each of them, have been trained, prior to July 18,2 006, that upon the signing of a criminal complaint, there is a strong likelihood that a criminal action will commence against the party against whom the allegations are submitted in the criminal complaint.

ANSWER: The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

28. Officer Holy #2525, on at least 20 occasions prior to and/or after July 18, 2006, has arrested individuals and has not falsified information contained within a police report with regard to the arrest.

ANSWER: The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

29. Officer Holy 2525, on at least 20 occasions prior to and/or after July 18, 2006, has signed criminal complaints and has not falsified information contained within said charging instruments.

ANSWER: The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

30. On July 18, 2006 there was no reason for Officer Holy #2525 to falsify a police report and/or criminal complaint with respect to Plaintiff.

ANSWER: The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

31. Officer Shawn Maron, on at least 20 occasions prior to and/or after July 18, 2006, has arrested individuals and has not falsified information contained within a police report with regard to the arrest.

ANSWER: The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

32. Officer Shawn Maron, on at least 20 occasions prior to and/or after July 18, 2006, has signed criminal complaints and has not falsified information contained within said charging instruments.

ANSWER: The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

33. On July 18, 2006 there was no reason for Officer Shawn Maron to falsify a police report and/or criminal complaint with respect to Plaintiff.

ANSWER: Upon information and belief, based on Chicago Police Department documents, the City denies that on July 18, 2006, defendant officer Marron wrote a police report or criminal complaint with respect to plaintiff. The City lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

34. Officer Letrich #21771, on at least 20 occasions prior to and/or after July 18, 2006, has arrested individuals and has not falsified information contained within a police report with regard to the arrest.

ANSWER: The City lacks knowledge or information sufficient to form a belief about the truth

of the allegations in this paragraph.

35. Officer Letrich #21771, on at least 20 occasions prior to and/or after July 18, 2006, has signed criminal complaints and has not falsified information contained within said charging instruments.

ANSWER: The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

36. On July 18, 2006 there was no reason for Officer Letrich #21771 to falsify a police report and/or criminal complaint with respect to Plaintiff.

ANSWER: The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

37. Officer Healey #20855, on at least 20 occasions prior to and/or after July 18, 2006, has arrested individuals and has not falsified information contained within a police report with regard to the arrest.

ANSWER: The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

38. Officer Healey #20855, on at least 20 occasions prior to and/or after July 18, 2006, has signed criminal complaints and has not falsified information contained within said charging instruments.

ANSWER: The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

39. On July 18, 2006 there was no reason for Officer Healey #20855 to falsify a police report and/or criminal complaint with respect to Plaintiff.

ANSWER: The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

40. Officer Fanning #20641, on at least 20 occasions prior to and/or after July 18, 2006, has arrested individuals and has not falsified information contained within a police report with regard to the arrest.

ANSWER: The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

41. Officer Fanning #20641, on at least 20 occasions prior to and/or after July 18, 2006, has signed criminal complaints and has not falsified information contained within said charging instruments.

ANSWER: The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

42. On July 18, 2006 there was no reason for Officer Fanning #20641 to falsify a police report and/or criminal complaint with respect to Plaintiff.

ANSWER: The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

43. Officer Young #20734, on at least 20 occasions prior to and/or after July 18, 2006, has arrested individuals and has not falsified information contained within a police report with regard to the arrest.

ANSWER: The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

44. Officer Young #20734 on at least 20 occasions prior to and/or after July 18, 2006, has signed criminal complaints and has not falsified information contained within said charging instruments.

ANSWER: The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

45. On July 18, 2006 there was no reason for Officer Young #20734 to falsify a police report and/or criminal complaint with respect to Plaintiff.

ANSWER: The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

## COUNT I
### § 1983 - Excessive Force

46.     Plaintiff re-alleges paragraphs 1 - 45 as though fully set forth herein.

ANSWER:     The City is not a party-defendant in Count I; therefore, it does not answer the allegations in this paragraph.

47.     The actions, and/or the failure to intervene in the actions, of the Defendant Officers amounted to an excessive use of force onto Plaintiff.  This conduct violates the Fourth Amendment of the United States Constitution.

ANSWER:     The City is not a party-defendant in Count I; therefore, it does not answer the allegations in this paragraph.

48.     The aforementioned actions of the Defendant Officers were the direct and proximate cause of the constitutional violations set forth above.

ANSWER:     The City is not a party-defendant in Count I; therefore, it does not answer the allegations in this paragraph.

## COUNT II
### § 1983 - False Arrest

49.     Plaintiff re-alleges paragraphs 1 - 45 as though fully set forth herein.

ANSWER:     The City is not a party-defendant in Count II; therefore, it does not answer the allegations in this paragraph.

50.     The actions of the Defendant Officers caused the arrest of the Plaintiff without probable cause to believe that Plaintiff committed criminal activity.  Therefore, the conduct of the Defendant Officers was in violation of the Fourth Amendment to the United States Constitution.

ANSWER:     The City is not a party-defendant in Count II; therefore, it does not answer the allegations in this paragraph.

51.     The aforementioned actions of the Defendant Officers were the direct and proximate cause of the Constitutional violations set forth above.

ANSWER:　The City is not a party-defendant in Count II; therefore, it does not answer the allegations in this paragraph.

### COUNT III
### § 1093 - Deliberate Indifference to Medical Needs

52.　Plaintiff re-alleges paragraphs 1 - 45 as though fully set forth herein.

ANSWER:　The City is not a party-defendant in Count III; therefore, it does not answer the allegations in this paragraph.

53.　The actions of the Defendant Officers were deliberately indifferent to the medical needs of the Plaintiff in that said Defendant Officers failed to provide Plaintiff with immediate medical attention after causing injury to Plaintiff.

ANSWER:　The City is not a party-defendant in Count III; therefore, it does not answer the allegations in this paragraph.

54.　Said Defendant Officers, instead of transporting Plaintiff for immediate medical treatment, collectively and/or individually, sought to cover-up the misconduct by processing Plaintiff as a criminal, instead of providing immediate medical treatment.

ANSWER:　The City is not a party-defendant in Count III; therefore, it does not answer the allegations in this paragraph.

55.　This conduct violated the Fourteenth Amendment to the United States Constitution.

ANSWER:　The City is not a party-defendant in Count III; therefore, it does not answer the allegations in this paragraph.

56.　The aforementioned actions of said Defendant Officers were the direct and proximate cause of the constitutional violations set forth above.

ANSWER:　The City is not a party-defendant in Count III; therefore, it does not answer the allegations in this paragraph.

## COUNT IV
## § 1983 - Conspiracy Claim

57.     Plaintiff re-alleges paragraphs 1 - 45 as though fully set forth herein.

ANSWER:     The City is not a party-defendant in Count IV; therefore, it does not answer the allegations in this paragraph.

58.     The aforementioned actions of the Defendant Officers were the direct and proximate cause of the violations of the United States Constitution, inter alia the Fourth Amendment and Fourteenth Amendment.

ANSWER:     The City is not a party-defendant in Count IV; therefore, it does not answer the allegations in this paragraph.

## COUNT V
## § 1983 - Unlawful Search of Residence

59.     Plaintiff re-alleges paragraphs 1 - 45 as though fully set forth herein.

ANSWER:     The City is not a party-defendant in Count V; therefore, it does not answer the allegations in this paragraph.

60.     The Defendant Officers invaded the home owned or occupied by Plaintiff without a search warrant, probable cause, exigent circumstances and/or any other lawful basis, and therefore violated the Fourth Amendment to the United States Constitution.

ANSWER:     The City is not a party-defendant in Count V; therefore, it does not answer the allegations in this paragraph.

61.     The Defendant Officers unlawfully conducted a search therein.

ANSWER:     The City is not a party-defendant in Count V; therefore, it does not answer the allegations in this paragraph.

62.     The aforementioned actions were the direct and proximate cause of the violations as set forth above.

ANSWER: The City is not a party-defendant in Count V; therefore, it does not answer the allegations in this paragraph.

## COUNT VI
### § 1983 - Unlawful Seizure of Property

63. Plaintiff re-alleges paragraphs 1 - 45 as though fully set forth herein.

ANSWER: The City is not a party-defendant in Count VI; therefore, it does not answer the allegations in this paragraph.

64. The Defendant Officers seized and/or destroyed the property of Plaintiff without legal justification.

ANSWER: The City is not a party-defendant in Count VI; therefore, it does not answer the allegations in this paragraph.

65. The aforementioned actions of the Defendant Officers were the direct and proximate cause of the violations of the United States Constitutions, *inter alia* the Fourth Amendment.

ANSWER: The City is not a party-defendant in Count VI; therefore, it does not answer the allegations in this paragraph.

## COUNT VII
### § 1983 - Equal Protection - Class of One

66. Plaintiff re-alleges paragraphs 1 - 45 as though fully set forth herein.

ANSWER: The City is not a party-defendant in Count VII; therefore, it does not answer the allegations in this paragraph.

67. The actions of the Defendant Officers violated the Equal Protection clause to the United States Constitution.

ANSWER: The City is not a party-defendant in Count VII; therefore, it does not answer the allegations in this paragraph.

68.    The aforementioned actions of said Defendant Officers were the direct and proximate cause of the constitutional violations set forth above.

ANSWER:    The City is not a party-defendant in Count VII; therefore, it does not answer the allegations in this paragraph.

## COUNT VIII
## 745 ILCS 10/9-102 Claim Against the City of Chicago

69.    Plaintiff re-alleges paragraphs 1 - 45 as though fully set forth herein.

ANSWER:    The City incorporates its answers to paragraphs 1-45 of this complaint here.

70.    Defendant City of Chicago is the employer of the Defendant Officers alleged above.

ANSWER:    The City admits to the allegations in this paragraph.

71.    The Defendant Officers, as alleged above, committed the acts under color of law and in the scope of employment of the City of Chicago.

ANSWER:    Upon information and belief, based on Chicago Police Department documents, the City denies the allegations as they pertain to defendant officer Marron because defendant officer Marron was not involved with plaintiff's arrest on July 18, 2006. Upon information and belief, based on Chicago Police Department documents, the City admits that defendant officers Holy, Letrich, Healey, Fanning, and Young were, at all times relevant to the complaint, acting under color of law and in the scope of employment. The City lacks knowledge or information sufficient to form a belief about the truth of the allegation that defendant officers Holy, Letrich, Healey, Fanning, and Young committed all the acts alleged in this paragraph.

## COUNT IX
## Supplementary claim for *Respondeat Superior*

Plaintiff voluntarily withdrew this claim on August 27, 2008.

72.    Plaintiff re-alleges paragraphs 1 - 45 as though fully set forth herein.

ANSWER: Plaintiff voluntarily withdrew this claim on August 27, 2008.

73. The aforesaid acts of the Defendant Officers were in the scope of employment and therefore the Defendant City of Chicago, as principal, is liable for the actions of its agent(s) under the doctrine of *respondeat superior*.

ANSWER: Plaintiff voluntarily withdrew this claim on August 27, 2008.

Wherefore, the City prays that this Court enter judgment in its favor on plaintiff's complaint, award the City such costs and fees as allowed by law, and grant such further relief as this Court deems just and proper.

## DEFENSES

1. Under the Illinois Local Governmental and Governmental Employees Tort Immunity Act ("the Act"), the City is not required to pay punitive or exemplary damages in any action brought directly or indirectly against it by the injured party or a third party. 745 ILCS 10/2-102.

2. Under the Act, the City is not liable to plaintiff if its employees or agents are not liable to plaintiff. 745 ILCS 10/2-109.

3. Under the Act, to the extent any employee or agent of the City was acting within the scope of his or her employment, that employee or agent is not liable for his or her acts or omission in the execution or enforcement of the law, unless such act or omission constitutes willful and wanton conduct. 745 ILCS 10/2-202.

4. Under the Act, a public employee acting within the scope of his or her employment is not liable for an injury caused by the act or omission of another person. 745 ILCS 10/2-204.

5. To the extent any injuries or damages claimed by plaintiff were proximately caused, in whole or in part, by negligent, willful, wanton and/or other wrongful conduct on the part of plaintiff, any verdict or judgment obtained by plaintiff must be reduced by application of the principle of comparative fault, by an amount commensurate with the degree of fault attributed to plaintiff by the jury in this case.

6.     Plaintiff has a duty to mitigate any of his claimed injuries or damages in this case, and to the extent he has failed to do so, any verdict or judgement he obtains must be reduced accordingly.

## JURY DEMAND

The City requests trial by jury.

Respectfully submitted,

MARA S. GEORGES
Corporation Counsel, City of Chicago

Date: August 29, 2008        By:     */s/ Bhairav Radia*
                                     Bhairav Radia
                                     Thomas Aumann
                                     Assistants Corporation Counsel

City of Chicago Department of Law
Federal Civil Rights Litigation Division
30 North LaSalle Street, Suite 1020
Chicago, Illinois 60602
(312) 744-6919/ (312) 744-1566

**CERTIFICATE OF SERVICE**

    I certify that I caused to be served a true copy of **Defendant City of Chicago's Answer, Defenses and Jury Demand to Plaintiff's First Amended Complaint** on the attorney of record, as identified below, through the United States District Court for the Northern District of Illinois, Eastern Division's electronic case filing system, on August 29, 2008.

To:    Amanda Yarusso
        Horwitz, Richardson & Baker, LLC
        20 S Clark Street, Suite 500
        Chicago, IL 60603

                                            */s/ Bhairav Radia*
                                            Bhairav Radia
                                            Assistant Corporation Counsel

30 North LaSalle Street
Suite 1020
Chicago, Illinois 60602
(312) 744-6919